IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT CALDWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv249 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Robert Caldwell, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is incarcerated due to a conviction for aggravated assault.  *Caldwell v. Dretke*, 429 F.3d 521, 523 (5th Cir. 2005).  Petitioner is not challenging his criminal conviction.  Instead, petitioner challenges a prison disciplinary conviction.  In case number 20220074150, petitioner was found guilty of threatening an officer.  As a result of the conviction, petitioner received the following punishment: (a) suspension of recreation and commissary privileges for 45 days; (b) suspension of tablet use for 30 days; and (c) forfeiture of 360 days of previously earned good conduct time credits.

Analysis

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment to the Constitution where a disciplinary action results in a sanction that implicates a liberty interest.  *Sandin v. Conner*, 515 U.S. 472, 478 (1995).  As a general rule, the only sanction that imposes upon a liberty interest is the loss of good conduct time credits for inmates

who are eligible for release on mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

As a result of his disciplinary conviction, petitioner was required to forfeit previously-earned good conduct time credits. However, as set forth above, petitioner is incarcerated due to a conviction for aggravated assault. Pursuant to Section 508.149(a)(7) of the Texas Government Code, a person is not eligible for release on mandatory supervision if he is serving a sentence for or has been previously convicted of aggravated assault.

As an inmate convicted of aggravated assault is not eligible for release on mandatory supervision, any punishment imposed on petitioner as a result of his disciplinary conviction could not have implicated a protected liberty interest. Petitioner was therefore not entitled to due process before receiving such punishment and this petition for writ of habeas corpus should be denied.

## Recommendation

This petition for writ of habeas corpus should be denied with prejudice.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to timely file written objections to the proposed findings of facts, conclusions of law and recommendations contained herein within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass's,* 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 25th day of July, 2023.

_____
Zack Hawthorn
United States Magistrate Judge